UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21685-BLOOM/Otazo-Reyes

PORFIRIO GARCIA,

    Plaintiff,

v.

WAREHOUSE 305 LLC, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Porfirio Garcia's Motion to Remand, ECF No. [13] ("Motion"), filed on May 23, 2023. Defendants Warehouse 305, LLC, Renato Viola, Umberto Mascagni, Wynwood 305, LLC, and Brickell 305, LLC, filed a Response, ECF No. [18], and Plaintiff filed a Reply. ECF No. [22]. The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

**I.    BACKGROUND**

On July 22, 2022, Plaintiff filed an Initial Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County against Defendants Warehouse 305, LLC, Renato Viola, and Umberto Mascagni (collectively, "First Named Defendants"). *See Garcia v. Warehouse 305, LLC*, No. 2022-013584-CA-01. The Initial Complaint sought to recover unpaid overtime wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), that Plaintiff earned during his employment at Warehouse 305, LLC from June 2017 through July 2022. ECF No. [1-1] at 43.

On March 17, 2023, Plaintiff filed an Amended Complaint, in which he added Wynwood 305, LLC and Brickell 305, LLC (collectively, "Later Named Defendants") to his FLSA lawsuit. ECF No. [1-1] ¶ 5. The state court entered an order granting leave to amend the Initial Complaint ECF No. [1-1] at 24, and the Amended Complaint was deemed filed on April 6, 2023. *Id.*

On May 4, 2023, the Later Named Defendants removed the case to this Court. ECF No. [1] at 1-2. According to the Notice of Removal, the Later Named Defendants obtained consent for removal from the First Named Defendants and removed the action within thirty days of Plaintiff's Amended Complaint being filed. *Id*.

On May 23, 2023, Plaintiff filed his Motion to Remand. ECF No. [13]. Therein, he argues that the Notice of Removal was untimely because it was not filed within thirty days of the Initial Complaint. ECF No. [13] at 4. Defendants respond that the Notice of Removal was timely because it was filed within thirty days of the Later Named Defendants' official receipt of the Amended Complaint, in accordance with 28 U.S.C. § 1446(b). ECF No. [18] at 1.

II.     **LEGAL STANDARD**

Pursuant to 28 U.S.C § 1441(a), a defendant in a state court action may remove the case to federal court if the federal court has original jurisdiction over the dispute. 28 U.S.C § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002). The Notice of Removal must be filed "within 30 days of receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which [the] action or proceeding is based." 28 U.S.C. § 1446(b).

In 2011, 28 U.S.C. § 1446(b)(2) was amended for removal cases that involve multiple defendants. Section 1446(b)(2) states: "[e]ach defendant shall have 30 days after receipt by or

service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

When a defendant waives formal service of process, official receipt of the complaint is determined to be at the time the plaintiff files the waiver with the court. Fed. R. Civ. P. 4(d)(4). "A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) (citations omitted).

### III.   DISCUSSION

It is uncontested that the Later Named Defendants removed the action within thirty days of official receipt of the Amended Complaint. ECF No. [13] ¶ 11-12. Moreover, all Defendants consented to the removal. The issue before the Court is whether the Later Named Defendants' thirty-day period to remove was triggered by the filing of the Initial Complaint, as Plaintiff contends, or the Amended Complaint, as Defendants assert.

Plaintiff presents two main arguments in support of his position. First, Plaintiff argues Defendants are a unified entity. Second, Plaintiff argues Defendants could ascertan Plaintiff made a mistake in failing to include them in the Initial Complaint because all Defendants are owned and controlled by the same people and the employment period set forth in the Initial Complaint included the period Plaintiff was employed at both Wynwood 305, LLC and Warehouse 305, LLC. Thus, Plaintiff contends that the removal period should begin at the time of service of the Initial Complaint.

Defendants respond that the Later Named Defendants are separate and distinct legal entities from the First Named Defendants and, as such, they had no reason to ascertain Plaintiff's intention to sue any of the Later Named Defendants. *Id.* at 3. Defendants assert that they removed the lawsuit

3

within thirty days of the filing of the Amended Complaint, which constitutes a timely removal under the plain language of 28 U.S.C. § 1446(b). Moreover, Defendants argue that Plaintiff' has failed to provide any binding precedent or persuasive case law to support his positions that this Court should apply any exception to 28 U.S.C. § 1446(b) to the circumstances of this case.

### A. Whether Defendants are a Unified Entity

Plaintiff asserts that the concerns of fairness, equity, and common sense were the driving force behind the amendment to 28 U.S.C. §1446(b), and those concerns are not served by allowing the Later Named Defendants to receive a thirty-day removal period. According to Plaintiff, "[t]he rationale for preserving the [later named] defendant's removal right would not apply, for example, in instances when defendants are actually part of the same operating entity rather than separate and distinct entities." *Eltman v. Pioneer Commc'ns of Am.*, 151 F.R.D. 317 n.15 (N.D. Ill. 1993) (noting in dicta that it would not be appropriate to allow later-named defendant to remove when all defendants are part of the same operating entity)*; see also Pocono Springs Civic Ass'n Inc. v. Rich One, Inc.*, No. 00-CV-2034, 2001 WL 114390, at *1 (M.D. Pa. Jan. 29, 2001) (declining to adopt the later-named defendant rule as against congressional intent); *Higgins v. Ky. Fried Chicken*, 953 F. Supp. 266, 270 (W.D. Wis. Jan. 28, 1997) (interpreting §1446 to support the first-named defendant rule). Plaintiff asserts that the First Named and Later Named Defendants are a unified operating entity because they all engaged in the pizza business through unified operations and were under the common control of Defendants Renato Viola and Umberto Mascagni.

Defendants respond that the case law relied on by Plaintiff is not persuasive and Defendants are all separate entities. Defendants attach the Affidavit of their manager, Umberto Mascagni, ECF No. [18-1], who states that each entity was created as a separate Florida limited liability company and were all created at different times. Moreover, each company owned separate restaurants at different locations, separate work staff, separate books and records, and each filed separate federal

income tax returns. Plaintiff has failed to meaningfully refute those facts other than referring back to the allegations in the Amended Complaint.

Moreover, the caselaw cited by Plaintiff predates the 2011 amendment to 28 U.S.C. § 1446(b)(2)(B), wherein Congress explicitly adopted the later-named defendant rule. Plaintiff points out the Eleventh Circuits adoption of the later-named defendant rule, prior to its congressional adoption, by citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208-09 (11th Cir. 2008). Plaintiff then references *Eltman* and other pre-2011 cases, to establish an exception to the rule. ECF No. [13] at 8. In *Eltman* the court recognized other districts' application of the first-named defendant rule but ultimately declined to adopt it. *Eltman*, 151 F.R.D. at 318 n.15. Thus, *Eltman* does little to support Plaintiff's argument. In addition, Defendants correctly point out that pursuant to *Bailey*, the Eleventh Circuit adopted the later-named defendant rule. *Bailey*, 536 F.3d at 1208-09. Since then, in 2011, Congress promulgated the later-named defendant rule in their amendment to 28 U.S.C. § 1446(b). Thus, Defendants are also correct that cases cited by Plaintiff, such as *Pocono Springs* and *Higgins*, in which those courts declined to adopt the later-named defendant rule, are not persuasive to this Court. *Pocono Springs*, 2001 WL 114390, at *1; *Higgins,* 953 F. Supp. at 270.

Plaintiff also cites one post-2011 case but it is also distinguishable. *See RCM Int'l, LLC v. Alpental Energy Partners, LLC*, No. 14-cv-04788, 2014 WL 6844944, at *3 (N.D. Cal. Dec 4, 2014). In *RCM International*, the court found that the defendants added to a lawsuit by an amended complaint were not entitled to a new thirty-day period to remove. *Id*. at *5. The court reasoned the first-named and later-named defendants were all "part of the same operating entity rather than separate and distinct entities." *Id.* (quoting *Eltman*, 151 F.R.D. at 317 n.15)*.* The court found the defendants to be operating under the same entity in part because "[t]hey share the same physical

address, and the same counsel in this matter." *RCM Int'l, LLC*, 2014 WL 6844944, at *4 (internal citation omitted). The court also noted that the later named defendant was a wholly owned subsidiary of the first named defendant. *Id*. In addition to the close relationship of the defendants, the court justified their departure from the later-named defendant rule with a finding that the first-named defendants' "obfuscatory discovery behavior" led to a two-year delay in serving the later-named defendants. *Id*. The court noted that the defendants prevented their joinder to the lawsuit and allowing them thirty days to remove "would undermine the twin purposes of the thirty-day limitation in §1446(b)(1)." *Id.* at *5.

Defendants correctly distinguish *RCM International* from this case in two ways. First, Defendants point out that, unlike in *RCM International*, there is no evidence or claim that any Later-Named Defendants engaged in obfuscation or that they were avoiding service and, instead, actually waived formal service of process. Second, Defendants assert that, unlike the defendants in *RCM International*, Later-Named Defendants Warehouse 305, LLC, Wynwood 305, LLC and Brickell 305, LLC are separate businesses at different locations, and were created at different times.

**B. Whether the Later Named Defendants Waived the 30-Day Removal Period**

Plaintiff asserts "Defendants and their counsel were aware that Plaintiff failed to include the [Later Named] Defendants when he filed the Initial Complaint." ECF No. [13] ¶ 5. Plaintiff argues the Later Named Defendants had knowledge of Plaintiff's omission in failing to name them because the Initial Complaint alleged that Plaintiff worked for Warehouse 305, LLC from 2017-2022. *Id*. Plaintiff contends his mistake was ascertainable because Defendants were aware that Plaintiff was not employed with Warehouse 305, LLC, in 2017, as that company was not established until November 30, 2021. *Id*. Therefore, because his Initial Complaint asserts FLSA

violations dating back to 2017, the Later Named Defendants knew that Plaintiff intended to include them in the Initial Complaint.

Defendants respond that they had no reason to ascertain Plaintiff's intention to include the Later Named Defendants in the Initial Complaint because Defendants are separate legal entities. ECF No. [18] at 3. Additionally, Defendants argue that case law cited by Plaintiff is inapplicable as it deals with the narrow issue of a misnomer. *Id.* at 5.

Plaintiff relies on two out-of-circuit cases to support his argument. *See Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 965 (E.D. Mich. 2002*)*; *HSBC Bank USA v. Mohanna*, 15-cv-02130, 2015 WL 4776236, at *4 (N.D. Cal. Aug. 13, 2015). *Iulianelli* has minimal relevance as it was decided prior to the 2011 amendment to 28 U.S.C. § 1446(b) that adopted the later-named defendant rule. *HSBC Bank* addressed the circumstances of a misnamed party. *HSBC Bank USA*, 2015 WL 4776236, at *4. In *HSBC Bank*, the plaintiff named as the defendant a nonexistent entity, a corporate predecessor, but the intended defendant received the complaint and knew the complaint was intended for it. *Id*. Here, as Defendants point out, the naming of the First Named Defendants was not a misnomer but the real parties in interest regarding Plaintiff's overtime claims. Moreover, none of the Later Named Defendants were formally served with the Initial Complaint.

The Court need not resolve whether the Later Named Defendants had reason to know of Plaintiff's intent to sue them in the Initial Complaint. Apart from the narrow circumstances of misnomer, as addressed in *HSBC Bank*, Plaintiff has provided no persuasive authority to support his position that the Later Named Defendants should have had a reason to ascertain Plaintiff's intention of naming them in the Initial Complaint, resulting in their waiver of the thirty-day period for removal. Such a rule would displace the plaintiff's obligation to name the entities he seeks to sue and would undermine the purpose of the later-named defendant rule. *See Bailey v. Janssen*

*Pharmaceutica, Inc.*, 536 F.3d 1202, 1206 (11th Cir. 2008) (noting that the later-named rule precludes "later-[named] defendants . . . through no fault of their own . . . los[ing] their statutory right to seek removal.").

### IV.    CONCLUSION

Plaintiff has failed to persuade the Court that removal of the case was untimely. The record supports that this action was properly removed by the Later Named Defendants within thirty days of official receipt of the Amended Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs Motion to Remand, **ECF No. [13]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record