UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21685-BLOOM/Torres

PORFIRIO GARCIA,

    Plaintiff,

v.

WAREHOUSE 305 LLC, *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendants' Motion in *Limine* and to Strike Regarding Plaintiff's Amended Damage Calculations, ECF No. [65] ("Motion"). Plaintiff filed a Response in Opposition, ECF No. [67], to which Defendants filed a Reply, ECF No. [68]. The Court has reviewed the Motion,[1] the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendants' Motion is denied.

Defendants' Motion seeks an order striking or otherwise excluding the following:

i) striking Plaintiff's April 1, 2024 second amended Rule 26 Disclosures and April 1, 2024 Second Amended Answers To Defendants' Interrogatories regarding damages; and

ii) excluding any evidence at trial of any damage calculations and damages other than what were disclosed in Plaintiff's interrogatory answers and Rule 26 disclosures prior to the January 23, 2024 discovery cut-off.

---

[1] Defendants construe their Motion as a motion in *limine*, or alternatively as an untimely motion to strike. However, Defendants exclusively argue Plaintiff's amended Rule 26 disclosures should be struck pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. The Court accordingly construes Defendants' Motion as a motion to strike.

ECF No. [65] at 1. Defendants observe that prior to the January 23, 2024 discovery deadline, Plaintiff's amended Rule 26 disclosures and answers to Defendants' interrogatories consistently used the "half-time" method to calculate his damages for unpaid overtime compensation. On April 1, 2024, Plaintiff served Defendants with his second amended Rule 26 disclosures and second amended answers to Defendants' interrogatories, both of which use the "time-and-a-half" method to calculate Plaintiff's damages for unpaid overtime. Defendants argue Plaintiff's second amended disclosures and answers violate Rule 26(e), as they were served months after the close of discovery. Defendants contend that Plaintiff's failure to timely amend its disclosures and answers is prejudicial because Plaintiff's updated damage calculations significantly increase the total sum of damages. Plaintiff responds that Defendants were on notice that Plaintiff might utilize the time-and-a-half method to calculate his damages, thereby rendering his belated disclosure harmless.

Rule 26(a) provides in pertinent part that "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e) in turn requires "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory . . . [to] supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information . . . as required by Rule 26(a) or (e)[,]" Rule 37(c) instructs "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

As a threshold matter, Defendants lack support for their position that Plaintiff's second amended Rule 26 disclosures and second amended answers to Defendants' interrogatories violated Rule 26(e). Rule 26(e) requires a party to timely supplement or correct its disclosures or responses "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Here, Defendants were presumably aware they never compensated Plaintiff for working overtime at a rate of one-half his weekly salary. If they were not, the evidence produced by *Defendants* during discovery—including Defendant Renato Viola's deposition testimony—made this clear. Even assuming Plaintiff's amended disclosures and answers to Defendants' interrogatories violated Rule 26(e), the Court agrees with Plaintiff that his untimely disclosure of his amended damage calculations was harmless.

As Plaintiff observes, his initial Rule 26 disclosures notified Defendants that "Plaintiff reserves the right to request damages at the rate of time and a half his regular rate for the hours worked in excess of forty per week." ECF No. [67-1] at 5. Plaintiff served his initial disclosures on June 12, 2023. Defendants were accordingly aware Plaintiff may seek damages for unpaid overtime based on the time-and-a-half method more than six months before the January 23, 2024 discovery deadline. Moreover, the Court finds that Defendants suffered no prejudice from Plaintiff's untimely disclosure. Defendants contend they suffered prejudice because "[g]iven Plaintiff's deposition admissions and prior damage disclosures, Defendants saw no need to conduct further discovery or investigation[.]" ECF No. [65] at 6. However, Defendants fail to articulate how they were prejudiced by Plaintiff belatedly amending the *underlying method* used to calculate his damages for unpaid overtime compensation.

According to Defendants, had they known Plaintiff would calculate his damages based on the time-and-a-half method, they would have conducted further discovery and retained experts to demonstrate (1) Plaintiff's deposition testimony waived his overtime claims, (2) Plaintiff is exempt from receiving overtime compensation pursuant to the FLSA's executive exemption, and (3) Plaintiff did not work overtime. *See* ECF No. [65] at 6-7. But the method Plaintiff uses to calculate his *damages* for unpaid overtime is completely unrelated to whether Plaintiff waived his overtime claims, or whether Plaintiff is exempt from receiving overtime compensation. Even if it were determined that Plaintiff worked overtime without compensation, Defendants would owe Plaintiff nothing if they establish that Plaintiff waived his overtime claims or is an exempt executive. Defendants' assertion that they would have done more to refute Plaintiff's estimates of his overtime hours similarly fails to show they were prejudiced by Plaintiff's amended damage calculations. Plaintiff is entitled to overtime compensation if he can show he worked overtime, and Defendants knew or should have known that he worked overtime. Defendants consequently must show Plaintiff did not work overtime regardless of the underlying method Plaintiff utilizes to calculate the damages he may be owed for working those overtime hours.

Defendants could have conducted further discovery or retained experts to make these showings but elected not to do so. Instead, this is a meritless attempt to obtain an order excluding *any* evidence of what is likely a proper calculation of damages. The record establishes that Plaintiff's failure to timely amend his damage calculations was harmless. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [65]**, is **DENIED**.

Case No. 23-cv-21685-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 2, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record