UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21685-BLOOM/Torres

PORFIRIO GARCIA,

    Plaintiff,

v.

WAREHOUSE 305 LLC, *et al.*,

    Defendants.
_____/

## ORDER ON JOINT MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the Parties' Joint Motion in *Limine*, ECF No. [78] ("Joint Motion"). The Court has considered the Joint Motion, the record in this case, the relevant law, and is otherwise full advised. For the reasons that follow, the Joint Motion is granted.

## I. BACKGROUND

The Parties filed their Joint Motion pursuant to the Court's Scheduling Order, ECF No. [21], on May 6, 2024. Plaintiff seeks to exclude the following evidence or testimony: (1) references or argument that Defendants obtained legal advice from ADP, a payroll company; and (2) references to attorney's fees, costs, or liquidated damages. Defendant did not seek to exclude any evidence in the Joint Motion.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of

demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 01-CV-545, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function … is limited to excluding matter of scant or

cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

**III. DISCUSSION**

    **A. References to Receiving Legal Advice**

Plaintiff seeks to exclude any references or argument that Defendants obtained legal advice from ADP regarding his FLSA exemption status. Plaintiff contends this evidence must be excluded because vague references of receiving legal advice constitute inadmissible inferential hearsay. According to Plaintiff, any such evidence is hearsay because (1) Defendants failed to disclose any supporting evidence from ADP in their interrogatory responses; and (2) Defendant Renato Viola ("Viola") was unable to articulate what advice he received from ADP in his deposition. Plaintiff relies on *Pena v. Handy Wash, Inc.*, 114 F. Supp. 3d 1239, 1244 (S.D. Fla. 2015) and *Schultze v. 2K Clevelander LLC,* No. 17-CV-22684, 2018 WL 4859070, at *2 (S.D. Fla. Aug. 29, 2018) to support exclusion of such evidence.

Defendants respond that references to obtaining legal advice from ADP are admissible because those references are offered to show their effect on the listener, not to prove the truth of the matter. Defendants explain that their employee, Manuela Faniglione ("Faniglione"), obtained legal advice from ADP, not Viola. Defendants contend Faniglione's testimony describing this advice is admissible to show its effect on her. Moreover, Defendants point out they disclosed the advice they received from ADP in their interrogatory responses. Defendants accordingly argue *Pena* and *Schultze* are distinguishable because, unlike here, the defendants failed to disclose the advice they received.

The defendants in *Pena* intended "to present evidence of the fact—on its own—they sought legal counsel … regarding whether the FLSA applied" to their employees without

3

presenting "evidence of what advice counsel gave in response to their inquiry." 114 F. Supp. 3d at 1243. The court found this evidence constituted inferential hearsay, or "[h]earsay that is implied in testimony that suggests the contents of a conversation that is not explicitly disclosed by the testimony." *Id.* (quoting BLACK'S LAW DICTIONARY (10th ed. 2014); citing *Hutchins v. Wainwright,* 715 F.2d 512, 516 (11th Cir. 1983)). *Pena* therefore concluded this evidence was inadmissible. *See id.* at 1245 ("Because the fact Defendants consulted counsel, without more, constitutes hearsay, and is furthermore irrelevant, misleading, and unfairly prejudicial to Plaintiff, this evidence is inadmissible."). *Schultze* also found evidence that the defendant "sought advice from counsel, and following receipt of counsel's advice continued the contested practice … would constitute inferential hearsay[.]" 2018 WL 4859070, at *2. The court found this evidence must be excluded for the same reason—the fact the defendant consulted with counsel is hearsay, and the defendant failed to "proffer[] what evidence it intends to advance[.]" *Id.*

While Defendants are correct that, unlike *Pena* and *Schultze*, they offer some evidence of the legal advice they received, the Court is unpersuaded this meaningfully distinguishes this case. The excerpt provided of Faniglione's testimony fails to identify who she spoke to at ADP, or whether that individual was an attorney. Moreover, Faniglione simply testified she was told "it's okay" because Plaintiff "is an exempt employee, [and] that his salary was fine." ECF No. [53-2] at 22. Faniglione also testified they discussed "regular things, like to be sure that he is going to get his day off." *Id.* That testimony relays the conclusion of the conversation—Plaintiff is exempt—without meaningfully disclosing the contents of what was said, identifying who said it, and whether Faniglione followed that legal advice.

"[T]o reap the benefit of the good faith defense of [§] 260 based on the advice of counsel the defendant must honestly and truly seek the advice of counsel, counsel must give advice that is reasonable in a legal sense, and the defendant must act in strict conformity with that advice." *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1358-59 (S.D. Fla. 2010) (quoting *Townley v. Floyd & Beasley Transfer Co.,* 1989 WL 205342 *4 (N.D. Ala. 1989). As *Pena* observes, "[a]dditional information is critical to evaluating willfulness and determining the adequacy of Defendants' inquiry, particularly if such information reveals Defendants furnished counsel with an insufficient factual record for obtaining a reasonable legal opinion, or counsel advised Defendants their classification system did *not* comply with the FLSA and Defendants ignored this advice." 114 F. Supp. 3d at 1245. Faniglione's testimony offers a conclusory assertion that she was advised Plaintiff was exempt under the FLSA. That testimony otherwise provides no insight into the content and substance of the conversation, the specific legal advice that an attorney provided, or whether the legal advice was followed. The Court accordingly finds this testimony constitutes inadmissible inferential hearsay for failing to provide these crucial details. As discussed, it amounts to little more than the fact legal advice was sought and obtained.

Defendants accurately observe "an out-of-court statement that is offered for a purpose other than proving the truth of the matter—such as the effect a statement had on a listener—is not hearsay and not subject to exclusion on that basis." *United States v. Kent*, 93 F.4th 1213, 1218 (11th Cir. 2024) (citing *U.S. v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015). Defendants contend Faniglione's testimony is admissible to show good faith or a lack of willfulness, not to prove the truth of the matter asserted. The Court disagrees. Faniglione's testimony simply explains she obtained legal advice from ADP and was told Plaintiff was exempt. Accordingly, as in *Pena* and *Schultze*, "the obvious inference to be drawn from evidence that Defendant sought

advice from counsel, and following receipt of counsel's advice continued the contested practice, is that counsel advised that Defendant's pay practice complied with the FLSA." 2018 WL 4859070, at *2. Here, Faniglione's testimony is *more* prejudicial: Faniglione explicitly testified she was advised Plaintiff was exempt without providing accompanying details as to the person she spoke with to, the substance of the conversation and what specific action was advised and followed in order to permit the jury to evaluate the credibility of that testimony. Consistent with *Pena* and *Schultze*, the Court finds that evidence is inadmissible because it constitutes inferential hearsay "and is furthermore irrelevant, misleading, and unfairly prejudicial[.]" *Pena*, 114 F. Supp. 3d at 1243; *see Schultze*, 2018 WL 4859070, at *2 (same). The Joint Motion is accordingly granted as to this issue.

B. **References to Attorney's Fees, Costs, or Liquidated Damages**

Plaintiff next argues Defendants should be precluded from referencing attorney's fees, costs, or liquidated damages. Defendants respond that they do not object to excluding those references. As such, the Joint Motion is granted as to this issue.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Parties' Joint Motion *in Limine*, **ECF No. [78]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record