UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21685-BLOOM/Torres

PORFIRIO GARCIA,

     Plaintiff,

v.

WAREHOUSE 305 LLC, *et al.*,

     Defendants.

_____/

## ORDER ON MOTION TO LIQUIDATE DAMAGES

**THIS CAUSE** is before the Court upon Plaintiff Porfirio Garcia's Motion to Liquidate Damages ("Motion"), ECF No. [104]. Defendants Wynwood 305 LLC, Warehouse 305 LLC, Renato Viola, and Umberto Mascagni (collectively "Defendants") filed a Response ("Response"), ECF No. [108], to which Plaintiff filed a Reply ("Reply"). ECF No. [109]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.   BACKGROUND

Plaintiff filed the instant action to recover overtime wages that Defendants failed to pay him in violation of the Fair Labor Standards Act ("FLSA"). On August 26, 2024, the parties proceeded to trial, and the jury rendered a verdict in favor of Plaintiff in the amount of $52,500.00. ECF No. [103]. While the jury found Plaintiff was not an exempt executive employee and Defendants failed to pay Plaintiff $52,000.00 in overtime wages, the jury determined that Defendants' conduct was not done knowingly or with reckless disregard of the overtime requirements under the FLSA. *See id.* at 2.

On August 29, 2024, Plaintiff filed his Motion seeking liquidated damages in an amount equal to his compensatory damages as provided under 29 U.S.C. § 216(b) of the FLSA. ECF No. [104].

## II.   LEGAL STANDARD

### A.   Liquidated Damages Under the Fair Labor Standards Act

Pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), where a jury concludes that an employer has violated the FLSA and assesses compensatory damages, "the district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). "However, the district court has discretion to reduce or deny liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008) (quoting *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008) (internal level of quotations omitted)); *see P&K Restaurant Enterprise, LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) (noting that upon a showing of good faith, "the court may, in its sound discretion, award no liquidated damages) (quoting 29 U.S.C § 260).

"The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez*, 515 F.3d at 1163. Regarding the subjective component, "an employer must show that it had 'an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements.'" *Wajcman v. Investment Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009) (quoting *Feniger v. Cafe Aroma*, Civil Action No. 2:05cv319-TAW-SPC, 2007 WL 853735, at *3 (M.D. Fla. March 16, 2007)). "Proving the objective component of the good faith defense requires the

employer to demonstrate that it had a reasonable belief that its conduct conformed with the FLSA." *Id.* (citing *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1322 (N.D. Ala. 2008). If the employer fails to show both "the subjective and objective elements of the good faith defense, liquidated damages are mandatory." *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1566–67 (11th Cir. 1991) (quoting *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir. 1985)); *see Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must explicitly find that the employer acted in good faith.").

## III. DISCUSSION

### A. Parties' Arguments

Plaintiff contends the default rule is that an employee who prevails in an FLSA action is entitled to liquidated damages unless the employer makes an affirmative showing that the employer acted in good faith and with a reasonable belief that it was acting in accordance with the requirements of the FLSA. *See* ECF No. [104] at 2-3. Given that the evidentiary burden is on Defendants to show good faith, Plaintiff argues that he is entitled to liquidated damages because "[t]he record is devoid of evidence to show that the violations were committed in good faith, either subjectively or objectively." *Id.* at 2.

Defendants disagree. They argue there is more than sufficient evidence to find that they acted in good faith under the circumstances. Defendants first point to their own testimony to show that "Plaintiff was promoted from a $16 to $17 hourly wage employee to a fixed salary of nearly double what he had been earning." ECF No. [108] at 7. Given that Plaintiff was not only a salaried employee, but was earning significantly more than the other employees in the dough-making department at Wynwood 305 LLC and Warehouse 305 LLC, Defendants claim they reasonably concluded that Plaintiff was an exempt employee under the FLSA. *See id.* As further support that

it was reasonable for Defendants to treat Plaintiff as an exempt executive under the FLSA, Defendants note Renato Viola and Manuela Faniglione specifically testified that Plaintiff "supervised two or more employees in a dedicated department, and that his suggestions regarding hiring and firing were given significant weight." *Id.* at 8.

Defendants contend they did not passively sit by and assume Plaintiff was not entitled to overtime under the FLSA but obtained advice from its payroll service and ADP informed one of the Defendants' employees that Plaintiff was an "exempt employee." *See id.* at 5.

Defendants emphasize Plaintiff's testimony as additional support that they had a reasonable belief their conduct was compliant with the FLSA overtime requirements. Plaintiff's admission that he did not need to punch a time clock because he was a salaried employee and his acknowledgment that he was not entitled to overtime pay so long as Defendants paid his salary made it reasonable for the Defendants to conclude that Plaintiff was not entitled to overtime wages. *See id.* at 7-8. Defendants claim their exemption evidence is further buttressed by a provision of the parties' contract wherein the parties agreed Plaintiff would be treated as an exempt employee for the purposes of the FLSA. *Id.* at 8.

Defendants also point to the jury's finding that Defendants did not know or show a reckless disregard for whether their conduct was prohibited by the FLSA. *See* ECF No. [108] at 9. Although the jury's finding was intended to determine the relevant statute of limitations in this case, Defendants argue the jury determination is also significant to the liquidated damages inquiry because the willfulness standard used for determining the appropriate statute of limitations period is essentially the same standard the Court relies upon to decide whether an employer has acted in good faith for the purposes of determining liquidated damages. *See id.* Therefore, because the jury concluded that the Defendants did not act willfully or with a reckless disregard of the FLSA

requirements, the Court should rely on that conclusion to find Defendants acted in good faith under the circumstances.

Lastly, Defendants argue that because the purpose of liquidated damages is not to penalize the employer but rather to compensate the employee for the harm caused by the delay, there is no need for liquidated damages here. Since Plaintiff was compensated more than double that of his peers performing the same job, Plaintiff suffered no harm from the delay in payment. Rather, it would be Defendants who would be harmed by having to pay liquidated damages in addition to "Plaintiff's [already] excessive compensation compared to his alleged equals." *Id.* at 10.

Plaintiff replies that Defendants have failed to proffer any factual evidence establishing either subjective or objective good faith. ECF No. [109]. Plaintiff argues the reference to the advice from ADP is an insufficient basis for finding good faith because the Court excluded the evidence as inferential inadmissible hearsay. *See id.* at 1. Plaintiff also contends the Court should not put stock into the jury's finding that the Defendants' FLSA violation was made unknowingly or without a reckless disregard because the jury finding on the issue of willfulness "does not constrain the Court's authority to impose liquidated damages." *Id.*[1] Plaintiff asserts that Defendants' evidence of his managerial status is not sufficient to conclude Defendants acted in good faith because a managerial title is not a sufficient basis for determining an employee's exempt or nonexempt status under the FLSA. *See id.* at 2. Plaintiff maintains that Defendants offer no other evidence that they took affirmative steps to determine whether Plaintiff was an exempt manager, have not made an adequate showing of good faith, and his request for liquidated damages should be granted. *Id.*

---

[1] Plaintiff does not address Defendants' remaining arguments for finding good faith in his reply brief. *See generally* ECF No. [109].

### B.  Liquidated Damages are Warranted

As noted above, the employer bears the burden of establishing both the *subjective* and *objective* components of a good faith defense against liquidated damages. *Alvarez Perez*, 515 F.3d at 1163. Moreover, in deciding whether liquidated damages are warranted, the Court has the discretion to deny such damages upon a finding that the employer acted in good faith and that the employer had reasonable grounds for believing its conduct complied with the FLSA. *See* 29 U.S.C. § 260 ("[I]f the employer shows to the satisfaction of the *court* that the act or omission giving rise to such action was in good faith…*the court may, in its sound discretion*, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.") (emphasis added). Because the question of awarding liquidated damages is beyond the purview of the jury, the Court finds it appropriate to consider the entire record evidence in this case as opposed to limiting the scope of review to the evidence introduced at trial.

### 1.  *Subjective* Good Faith Basis

The Court finds Manuela Faniglione's deposition testimony provides a sufficient basis to conclude that Defendants had a subjective good faith basis for believing that Plaintiff's compensation satisfied the FLSA's overtime requirements. Defendants did not simply label Plaintiff a manager and assume his title exempted him from receiving overtime pay under the FLSA. Defendants' employees attempted to do at least some due diligence to ensure that Defendants' conduct was compliant with the FLSA. According to Faniglione, after Plaintiff was promoted to his new position, Faniglione contacted an "HR specialist" at ADP to discuss Plaintiff's new employment status and to "see if [Defendants] were properly paying Mr. Porfirio Garcia in accordance with what the law required." ECF No. [53] at 20-21. Faniglione explained in her deposition that Defendants specifically paid for this ADP service "to be sure [employees] are paid properly with the role and the position." *Id*. at 20. By hiring an employment specialist and then

6

contacting the employment specialist upon Plaintiff's promotion, Defendants have demonstrated an honest intention to determine what the FLSA requires. Since there is no evidence Defendants intended to ignore ADP's advice were ADP to tell Defendants they were not acting in accordance with the FLSA, the Defendants' subjective good faith requirement is satisfied.

### 2. *Objective* Good Faith Basis

However, the Court finds that Defendants have not shown an objective good faith basis for failing to comply with the FLSA's overtime requirements. During Faniglione's discussion with ADP's "HR Support Specialist," Faniglione told ADP about Plaintiff's new job, Plaintiff's new responsibilities in the role,[2] and Plaintiff's proposed compensation. After receiving this information, ADP's HR specialist informed Faniglione that Plaintiff's salary was in line with the market and stated "[h]e is an exempt employee[.]" *Id.* at 22.

While Faniglione purportedly provided ADP's HR specialist with all the pertinent details about Plaintiff's new job, including his responsibilities and salary, and ADP concluded that Plaintiff was an exempt employee, that evidence is insufficient to establish that Defendants objectively acted in good faith when they failed to pay Plaintiff his overtime wages. "To reap the benefit of the good faith defense of § 260 based on the advice of counsel[,] the defendant must honestly and truly seek the advice of counsel, counsel must give advice that is reasonable in a legal sense, and the defendant must act in strict conformity with that advice." *Pena v. Handy Wash, Inc.*, 114 F. Supp. 3d 1239, 1244 (S.D. Fla. 2015) (quoting *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp.2d 1347, 1358 (S.D. Fla. 2010)). "[M]ere reliance on the advice of counsel is insufficient to satisfy defendants' burden in proving their good faith." *Fuentes*, 728 F. Supp. 2d at 1358. Critically here,

---

[2] Specifically, Faniglione noted that Plaintiff would be a quality control specialist for dough production and that "he is going to be in charge of that department" and "also [ ] train people." ECF No. [53] at 22.

Defendants fail to proffer any evidence showing ADP's legal basis for concluding Plaintiff was an exempt employee, let alone evidence to show that the advice was "reasonable in a legal sense." *Pena*, 114 F. Supp. 3d at 1244. Without an explanation for why ADP believed Plaintiff was an exempt executive, the Court is unable to determine whether it was objectively reasonable to rely on ADP's advice to treat Plaintiff as an exempt employee under the FLSA. Accordingly, ADP's advice alone is insufficient to satisfy Defendants' good faith requirement.

Defendants' remaining evidence also fails to establish that they objectively acted in good faith. First, the fact that Plaintiff was paid a salary as opposed to an hourly rate and that Plaintiff was compensated more than his peers does not provide an objective good faith basis for failing to pay Plaintiff's overtime wages. As the Court noted in its order on summary judgment, "[t]he FLSA requires all non-exempt employees to be compensated for overtime work regardless of whether they are salaried employees." ECF No. [72] at 25.[3] Salary is only one of four factors to consider when determining whether an employee falls under the executive exemption. In addition to salary compensation, the Court also considers (1) whether the employee's primary duty was management; (2) whether the employee customarily and regularly directed two or more employees; and (3) whether the employee had the authority to hire or fire other employees or whether his suggestion and recommendations as to hiring and firing carried particular weight. *See*

---

[3] Plaintiff's indication that he was not entitled to additional overtime because he was a salaried employee does not create an objective good faith basis for failing to pay an employee overtime. Plaintiff is not responsible for being familiar with the FLSA or its overtime requirements. The burden is on Defendants to be apprised of the applicable overtime laws. *See Lee v. MegaMart, Inc.*, 223 F. Supp. 3d 1292, 1303 (N.D. Ga. 2016) (explaining that a showing of good faith requires the employer to show "it had 'an honest intention to ascertain what [the Act] requires and to act in accordance with it.'") (quoting *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1566 (11th Cir. 1991)). Thus, it is plainly unreasonable for Defendants to rely on Plaintiff's understanding of what he was entitled to under the FLSA. Similarly, Plaintiff's willingness to contractually agree that he was an exempt employee offers no insight into whether it was objectively reasonable for *Defendants* to treat Plaintiff as an exempt executive because, again, Plaintiff has no duty to know whether he is entitled to overtime compensation.

29 C.F.R. § 541.100;[4] *Brillas v. Bennett Auto Supply, Inc.*, 675 F. Supp. 23 1164 (S.D. Fla. 2009) (outlining the relevant test). Defendants' only evidence that Plaintiff took on managerial duties, directed employees, and played a role in the hiring and firing process was the testimony of Renato Viola and Manuela Faniglione. *See* ECF No. [108] at 8. However, even crediting Viola and Faniglione's testimony, Defendants do not argue that they relied on the fact that Plaintiff had managerial duties, directed employees, or that he played a role in the hiring process when determining whether Plaintiff could be appropriately categorized as an exempt manager. Because Defendants have not shown they considered anything beyond Plaintiff's salary status and title, any testimony that Plaintiff satisfied the remaining three executive exemption prongs cannot now be relied upon to show Defendants had "a reasonable belief that [their] conduct conformed with the FLSA." *Wajcman v. Investment Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009).

Therefore, given that Defendants appeared to have relied almost exclusively on the salary factor of the executive exemption test and ADP's unsupported recommendation to conclude it was reasonable to treat Plaintiff as an exempt employee, the Court finds Defendants have failed to establish an objective good faith basis for their failure to pay Plaintiff his overtime wages. *See Lee v. MegaMart, Inc.*, 223 F. Supp. 3d 1292, 1304 (N.D. Ga. 2016) (finding defendant did not act in good faith when defendant merely offered evidence "that it paid Plaintiff a larger-than-average salary and benefits and that it felt Plaintiff was exempt based on its own conclusions.").

---

[4] The relevant Department of Labor regulations provide a four-part test which defines the term "employee employed in a bona fide executive capacity" to mean any employee:

   (1) Compensated on a salary basis at a rate of not less than $684 per week...;
   (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
   (3) Who customarily and regularly directs the work of two or more other employees; and
   (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

Finally, Defendants' argument that the Court should rely on the jury's finding regarding willfulness is also unpersuasive. Although the Court is bound to impose liquidated damages when the jury finds the employer acted willfully or recklessly in failing to comply with the FLSA, the inverse is not true when the jury determines that the Defendants lacked willful or reckless intent. *See Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) ("Because the burden of proof is placed differently [for issues of willfulness and good faith], a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.") (alternations in the original) (quoting *Rodriguez*, 518 F.3d at 1274). When there is no finding of willfulness by the jury, the Court is expected to exercise its sound discretion to determine whether liquidated damages are appropriate. *See id.* ("[T]he Act…leaves to the discretion of the district court whether to award liquidated damages[.]"). The jury no longer has any role to play. *See Quarles v. Hamler*, 652 F. App'x 792, 795 (11th Cir. 2016) (noting that when determining good faith for the purposes of determining liquidated damages, the district court is permitted to make its own credibility determinations). Even if the Court wanted to rely on the fact-finding of the jury, the jury's insight would be of limited use because Defendants must show not just an absence of willfulness or recklessness, but a showing that Defendants took affirmative steps to ensure they were complying with the requirements of the FLSA. *See Bautista Hernandez v. Tadal's Nursery, Inc.*, 34 F. Supp. 1229, 1246 (S.D. Fla. 2014) ("Absent an affirmative showing of "good faith," however, liquidated damages are mandatory.") (citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566–67 (11th Cir. 1991)). Since the jury verdict does not shed light on whether Defendants took the requisite affirmative action, the Court need not rely on the jury verdict as a basis for finding Defendants acted in good faith.

Therefore, because the Defendants have failed to carry their burden by providing sufficient evidence of objective good faith, the Court must grant Plaintiff's request for liquidated damages. *See Dybach*, 942 F.2d at 1566–67 (noting that when defendant has not shown both subjective and objective good faith, liquidated damages are mandatory).[5]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.   Plaintiff Porfirio Garcia's Motion**, ECF No. [104] is GRANTED**.

2.   Liquidated damages in the amount equal to the compensatory damages awarded by the jury will be imposed on Defendants in the final judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

---

[5] Without an adequate showing of good faith by Defendants, the Court is precluded from awarding anything less than the full amount of liquidated damages. Therefore, the Court need not consider Defendants' argument whether the purpose of liquidated damages would be undermined by granting liquidated damages under the circumstances since Defendants failed to carry their evidentiary burden.